UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

```
____ FILED        ____ ENTERED
____ LOGGED       ____ RECEIVED

          MAY 29 2014

         AT GREENBELT
    CLERK, U.S. DISTRICT COURT
       DISTRICT OF MARYLAND
BY _____ DEPUTY
```

SECURITIES AND EXCHANGE COMMISSION,

           Plaintiff,

    v.

WALTER D. WAGNER, and
ALEXANDER J. OSBORN,

           Defendants.

Civil No. PJM 14-1036

## JUDGMENT AS TO DEFENDANT WALTER D. WAGNER

The Securities and Exchange Commission having filed a Complaint and Defendant Walter D. Wagner ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $517,784, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $10,391. Defendant shall satisfy this obligation by paying $528,175 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph III below after entry of this Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Walter D. Wagner as a defendant in this action; and specifying that payment is made pursuant to

this Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

III.

Defendant shall pay the total of disgorgement and prejudgment interest due of $528,175 in 13 installments to the Commission according to the following schedule: (1) $200,000 within 14 days of entry of this Judgment; (2) $27,347.92 on or before June 1, 2014; (3) $27,347.92 on or before September 1, 2014; (4) $27,347.92 on or before December 1, 2014; (5) $27,347.92 on or before March 1, 2015; (6) $27,347.92 on or before June 1, 2015; (7) $27,347.92 on or before September 1, 2015; (8) $27,347.92 on or before December 1, 2015; (9) $27,347.92 on or before March 1, 2016; (10) $27,347.92 on or before June 1, 2016; (11) $27,347.92 on or before September 1, 2016; (12) $27,347.92 on or before December 1, 2016; and (13) $27,347.92, plus post-judgment interest accrued on payments (2) through (13) pursuant to 28 U.S.C. § 1961, on or before March 1, 2017. If any payment date specified above should fall on a Saturday, Sunday, or Federal holiday, the deadline for

payment shall be extended to the next business day immediately thereafter. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Judgment. Prior to making the final payment set forth herein, Defendant shall contact the staff of the Commission for the total amount due for the final payment.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

IV.

Upon any motion of the Commission, the Court shall determine whether it is appropriate to order a civil penalty pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1] and, if so, the amount of the civil penalty. In connection with any such a motion for civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: May 29, 2014

_____
UNITED STATES DISTRICT JUDGE